T.C. Memo. 1998-258


UNITED STATES TAX COURT


JIMMIE R. VALENTINE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12920-97.                    Filed July 14, 1998.


Jimmie R. Valentine, pro se.

Eric D. Swenson, for respondent.


MEMORANDUM OPINION

CHIECHI, Judge:  Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax:

|       |            | Additions to Tax          |           |
|-------|------------|---------------------------|-----------|
| Year  | Deficiency | Sec. 6651(a)(1)[1]        | Sec. 6654 |
| 1990  | $20,709    | $5,177                    | $1,356    |
| 1991  | 19,711     | 4,928                     | 1,126     |
| 1992  | 8,188      | 2,047                     | 357       |
| 1993  | 4,940      | 1,235                     | 207       |
| 1994  | 4,651      | 1,163                     | 241       |

We must decide whether the determinations in the notices of deficiency (notices) that respondent issued to petitioner should be sustained. We hold that they should.

Petitioner did not comply with the Court's Standing Pretrial Order and did not cooperate with respondent in preparing this case for trial and/or attempting to settle it. Consequently, none of the facts has been stipulated. However, on March 21, 1998, respondent filed a request for admissions with the Court, a copy of which respondent had served on petitioner on February 25, 1998. Petitioner did not file any response to that request for admissions. As a result, each matter set forth therein, including the following, is deemed admitted. Rule 90(c); Marshall v. Commissioner, 85 T.C. 267, 272 (1985).

Petitioner resided in San Diego, California, at the time he filed the petition.

Petitioner, who was born on October 10, 1928, and who was throughout the years at issue a practicing medical doctor, did

---

[1] All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

not file a Federal income tax return for any of the years at issue.

During the years at issue, petitioner conducted business under the name J.R. Valentine Lab.

During 1990, petitioner received nonemployee compensation from the payors and in the amounts indicated:

| Payor | Amount |
|---|---|
| Calif. State Dept. of Health | $1,880 |
| Calif. State Dept. of Health | 15,520 |
| Transamerica Occidental Life Ins. Co. | 33,723 |
| John Hancock Mutual Life Ins. Co. | 1,105 |
| Union Labor Life Ins. Co. | 723 |
| Prudential Insurance Co. | 736 |
| Govt. Employees Hospital | 826 |
| Transamerica Occidental Life Ins. Co. | 5,797 |
| San Diego City Schools | 1,695 |
| San Diego Laborers' H&W Fund | 976 |
| Total | 62,981 |

Of the foregoing aggregate amount of nonemployee compensation that petitioner received during 1990, $7,677 was paid to J.R. Valentine Lab.

During 1991, petitioner received $4 in interest income from Union Bank. During that year, petitioner also received nonemployee compensation from the payors and in the amounts indicated:

| Payor | Amount |
|---|---|
| Calif. State Dept. of Health | $2,660 |
| Calif. State Dept. of Health | 20,046 |
| Transamerica Occidental Life Ins. Co. | 25,855 |
| Union Labor Life Ins. Co. | 636 |
| Prudential Insurance Co. | 1,332 |
| Transamerica Occidental Life Ins. Co. | 7,839 |
| Partners Health Plan | 828 |
| San Diego City Schools | 813 |
| Total | 60,009 |

Of the foregoing aggregate amount of nonemployee compensation that petitioner received during 1991, $10,499 was paid to J.R. Valentine Lab.

During 1992, petitioner received nonemployee compensation from the payors and in the amounts indicated:

| Payor | Amount |
|---|---|
| Comanche Oil & Gas Corp. | $2,150 |
| Calif. State Dept. of Health | 11,392 |
| Transamerica Occidental Life Ins. Co. | 7,327 |
| Prudential Insurance Co. | 958 |
| Aetna Health Plan | 1,421 |
| Transamerica Occidental Life Ins. Co. | 6,650 |
| San Diego City Schools | 1,640 |
| Total | 31,538 |

Of the foregoing aggregate amount of nonemployee compensation that petitioner received during 1992, $6,650 was paid to J.R. Valentine Lab.

During 1993, petitioner received nonemployee compensation from the payors and in the amounts indicated:

| Payor | Amount |
|---|---|
| Calif. State Dept. of Health | $8,964 |
| Comanche Oil & Gas Corp. | 1,812 |
| Transamerica Occidental Life Ins. Co. | 7,228 |
| Total | 18,004 |

During that year, petitioner also received a taxable retirement annuity distribution in the amount of $5,256 and $34 in interest income from Great Western Bank.

During 1994, petitioner received nonemployee compensation from Transamerica Occidental Life Insurance Company in the amount of $16,754, a taxable retirement annuity distribution in the amount of $2,883, and $24 in interest income.

None of the foregoing amounts of income that petitioner received during the years at issue was included in any Federal income tax return that he filed.  All compensation paid to J.R. Valentine Lab during those years should have been reported by petitioner as Schedule C income.  Petitioner received no income from nontaxable sources during any of the years at issue.

Petitioner's personal living expenses for 1994 were at least $21,250.

Petitioner is not entitled for any of the years at issue to a dependency exemption for any person other than himself.

Petitioner is entitled to the filing status of single for each of the years at issue.

On or about May 1, 1991, the Internal Revenue Service received a check in the amount of $8,500 from petitioner that was dated April 15, 1991.

Petitioner has the burden of showing error in the determinations of respondent in the notices.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Based on the deemed admissions in this case, and petitioner's failure to establish facts at trial showing that he is entitled to any deductions or exemptions other than those allowed in the notices, we find that petitioner has failed to show error in any of the determinations of respondent in those notices.  Accordingly, we sustain those determinations.

To reflect the foregoing,

Decision will be entered for respondent.